CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
SEP 2 2 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL F. RECKARD,<br>Petitioner, | ) )<br>) | Civil Action No. 7:08cv00510 |
| v. | ) )<br>) | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>Respondent. | ) )<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Michael F. Reckard, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and 12-month sentence for obtaining money or signature, etc., by false pretense. For the following reasons, I find that Reckard has failed to exhaust his available state court remedies and, therefore, I must dismiss his petition.

On March 6, 2008, Reckard pleaded guilty to obtaining money or signature, etc., by false pretense, in violation of Va. Code. § 18.2-178, and was sentenced to 12 months incarceration by the Pulaski County Circuit Court. Reckard did not appeal and did not pursue a state habeas petition. In his instant motion, Reckard claims that his right to a speedy trial was violated and that counsel provided ineffective assistance.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of

Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is clear that Reckard's present claims have not been adjudicated by the Supreme Court of Virginia. In his petition, Reckard concedes that no direct appeal was filed and that he has not pursued a habeas corpus action in state court. Therefore, I find that he has failed to fully exhaust available state court remedies prior to filing the instant petition, as required by 28 U.S.C. § 2254(b). For this reason, I dismiss Reckard's petition as unexhausted and without prejudice.

The petitioner is advised that he may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is also advised that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 22rd day of September, 2008.

Senior United States District Judge